ON APPLICATION FOR REHEARING
This Court's opinion of June 9, 1989, is withdrawn and the following is substituted therefor:
This case arises out of a dispute over the results of the August 23, 1988, town council election in Franklin, Alabama. This is an appeal of the circuit court's order setting a date for filing an election contest and the court's order allowing the appellee to remain in office until resolution of the contest.
The issues we address are whether Code 1975, § 17-15-6, precludes this Court from exercising jurisdiction over this case;[1] whether the canvassing board acted unlawfully in disallowing the results of the election; whether Code 1975, §11-46-69, is to be strictly construed;[2] and whether the circuit court erred by allowing the appellee to continue in office until the resolution of any election contest.
Sears and Gibson were on the ballot for the Tuesday, August 23, 1988, election to the Franklin town council. Appellee Gibson was the incumbent town council member. After the polling had ended, the election officials prepared a statement of canvass to deliver to the Franklin town council (which also serves as the canvassing board). The statement said that Sears had received 44 votes (32 by machine, 8 by challenged ballot, and 4 by absentee ballot) and that Gibson had received 38 votes (33 by machine, 2 by challenged ballot, and 3 by absentee ballot). The results were posted, but the canvassing board did not meet by noon August 24, 1988, as required by Code 1975, § 11-46-55 (cum. supp. 1988).[3] On August 26, 1988, appellant Sears obtained *Page 1056 
a writ of mandamus from the Macon County Circuit Court that ordered the board to count the votes and declare a winner by August 29, 1988, at 7:00 p.m. That same day, the board met and threw out all of the votes but the machine votes and declared Gibson the winner by a vote of 33-32. Sears filed another petition for writ of mandamus; the circuit court denied it, but, on reconsideration, amended its original order of mandamus to require the board to count all the votes (including absentee and challenged votes) by September 28, 1988. The Council recanvassed the votes on September 27, 1988. Sears was declared the winner, and the Council issued Sears a certificate of election. The court also stated that the date for filing an election contest should be computed from the date of canvass (September 27, 1988). On September 29, 1988, the circuit court again amended its order, ex mero motu, and ordered that the winner of the election according to the certificate of election (Sears) be sworn in as councilman unless an election contest was timely filed and that, in the event a contest was filed, the current councilman (Gibson) would remain in office until the contest was resolved. On September 30, 1988, Gibson filed an election contest.
The appellees argue that § 17-15-6 deprives the circuit court of jurisdiction over the case and, as a result, prevents this Court from exercising jurisdiction. This Court has been unequivocal in stating that elections normally do not fall within the scope of judicial review. Parker v. Mt. Olive Fire Rescue District, 420 So.2d 31, 33 (Ala. 1982); Longshore v.City of Homewood, 277 Ala. 444, 446, 171 So.2d 453 (1965). However, the application of § 17-15-6 skirts the issue that is central to this case.
On the night of the election, the votes were tallied and posted by the election officials, and Sears was the winner by six votes. At noon the following day, the town council failed to meet, count the votes, and declare a winner. This was clearly in violation of § 11-46-55, which states that the governing body must meet by noon on the Wednesday following the election to ratify the results. The purpose of this meeting is not to determine if the election was fraudulent or fair, but merely to count the votes and declare the winner. This Court discussed the duties of the canvassing body in Cosby v. Moore,259 Ala. 41, 46, 65 So.2d 178, 181-82 (1953), as follows:
 "Canvassing the returns of an election is a ministerial act, and when it is completed and the results declared an unsuccessful candidate may contest the election. . . .
 "The canvassers are controlled by the returns of the inspectors and have no power to go behind them or inquire into fraud or irregularity, but they must add together the number of votes each candidate received in the several voting precincts, according to the certificates of the inspectors, and declare the results; and are subject to mandamus to compel a performance when necessary. Their duties are confined to computation."
Quoted with approval in Reed v. City of Montgomery,376 So.2d 708, 710 (Ala. 1979).
Here, the board went far beyond its legislated role. By failing to verify the results of the election, the board assumed a new role never intended by the legislature. If §17-5-6 is allowed to stand between the judiciary and such acts, any canvassing board would be provided a license to change the results of an election by cabal. The purpose and intent of §17-5-6 were not to undermine the sanctity of the individual vote.
Section 11-46-69(b) clearly states that a contest of an election must be "commenced within five days after the result of the election is declared." Gibson did not comply with this requirement. Instead, he and the town council circumvented the statute by disallowing the results and declaring him the winner. Should this Court allow an extension of time for the appellee to file an election contest, it would be a signal that the process set up by the legislature is to be followed only when the loser cannot convince the board of canvassers to throw out the election results. Section 11-46-69(b) *Page 1057 
must be construed strictly, and a winner must be declared.
We conclude that the trial court erred in ordering that Gibson remain in office. Accordingly, we reverse the judgment and remand this cause to the Circuit Court of Macon County for that court to declare the five-day time limit for Gibson to file an election contest under § 11-46-69(a) (counted from August 23, 1988, the date the board illegally threw out the election results), to have expired, thereby confirming David Sears as the winner of the election.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] Code 1975, § 17-15-6, states:
"No jurisdiction exists in or shall be exercised by any judge, court or officer exercising chancery powers to entertain any proceeding for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process or order from any judge, court or officer in the exercise of chancery powers, whereby the results of any election are sought to be inquired into, questioned or affected, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by any officer or obeyed by any person; and should any judge or other officer hereafter undertake to fine or in any wise deal with any person for disobeying any such prohibited injunction, process or order, such attempt shall be null and void, and an appeal shall lie forthwith therefrom to the supreme court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given for such appeal shall be 14 days."
[2] Code 1975, § 11-46-69, states:
"(a) The election of any person declared elected to any office of a city or town may be contested by any person who was at the time of the election a qualified elector of such city or town for any of the following causes:
"(1) Misconduct, fraud or corruption on the part of any election official, any marker, the municipal governing body or any other person;
"(2) The person whose election to office is contested was not eligible thereto at the time of such election;
"(3) Illegal votes;
"(4) The rejection of legal votes; or
"(5) Offers to bribe, bribery, intimidation or other misconduct calculated to prevent a fair, free and full exercise of the elective franchise.
"(b) Any contest of such an election must be commenced within five days after the result of the election is declared. Such contest shall be instituted in the manner prescribed by section 17-15-29 and, except as otherwise provided in this article, all proceedings relative to contests of elections to municipal offices shall be governed by the provisions of articles 2 and 3, Title 17 of this Code, insofar as they are applicable."
[3] Code 1975, § 11-46-55 (cum. supp. 1988), states:
"(a) Not later than 12:00 noon on Wednesday after the election as required in this article the municipal governing body shall proceed to open the envelopes addressed to such governing body which have been delivered by the several returning officers to the municipal clerk, canvass the returns and ascertain and determine the number of votes received by each candidate and for and against each proposition submitted at such election. If it appears that any candidate or any proposition in such election has received a majority of the votes cast for that office or on that question, the municipal governing body shall declare such candidate elected to such office or said question carried, and a certificate of election shall be given to such persons by the municipal governing body or a majority of them, which shall entitle the persons so certified to the possession of their respective offices immediately upon the expiration of the terms of their predecessors as provided by law."